UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY BORCYK,


                        Petitioner,                    10-CV-6137L
                                                       ORDER
        -vs-

JOHN LEMPKE, Superintendent,


                        Respondent.
_____

## I.    Introduction

*Pro se* petitioner Gregory Borcyk has filed a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 challenging his July 6, 2005, conviction in Monroe County Court on charges

of second degree murder. Borcyk has raised three grounds for habeas relief in his Petition

(Docket #1): (1) trial counsel was ineffective in failing to investigate a 911 call concerning the

identity of the real killer (Petition, ¶22(A); (2) trial counsel was ineffective in failing to present

allegedly exculpatory DNA evidence found on the victim's body and at the crime scene, which

purportedly matched "an unknown male" (Petition, ¶22(A); (3) trial counsel was ineffective in

failing call one Tina Brown, who allegedly would have testified that a man named Reinaldo

Torres confessed to her that he killed the victim (Petition, ¶22(B); (4) trial counsel denied

petitioner his constitutional right to testify, by persuading him that he should not testify since the

-1-

prosecution could cross-examine him concerning a prior conviction by guilty plea for his involvement in a bank robbery (Petition, ¶22(C)). *See* Docket #1.

## II.    Discussion

Prior to respondent answering the Petition, Borcyk moved for a stay in order to return to state court to re-present two of his claims of ineffective assistance of trial counsel which he believes to be unexhausted. *See* Petitioner's Motion for a Stay ("Stay Mot.") at 1-2 (Docket #5). Respondent filed a Declaration in opposition to the stay. (Docket #6). Petitioner has filed a reply brief. (Docket #8).

The first claim that Borcyk wishes to return to state court to re-litigate is his contention that trial counsel was ineffective in failing to investigate an anonymous 911 phone call. This claim was raised in petitioner's C.P.L. § 440.10 motion to vacate the judgment. The County Court stated that Borcyk's papers were inadequate because he did not include an affidavit from trial counsel or from anyone else with personal knowledge of whether trial counsel investigated the anonymous phone call to 911. Stay Mot. at 1 (Docket #5). In denying the claim, the County Court relied upon C.P.L. § 440.30(4)(b) ("Upon considering the merits of the motion, the court may deny it without conducting a hearing if: . . . (b) The motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts, as required by subdivision one; . . . ."). Borcyk states that he fears that this holding based upon C.P.L. § 440.30(4)(b) is a procedural bar. *Id.* However, habeas courts in this Circuit, and in particular this District, have found that "this rule applies, by its own terms, when a trial court denies a § 440.10 motion '[u]pon considering the merits of the motion,'" and therefore "a denial pursuant to § 440.30(4)(b) should be considered a

decision on the merits, which cannot serve as a procedural bar to a federal habeas claim."

*Russillo v. Mellas*, No. 03-CV-792S, 2007 WL 748437, at *8 (W.D.N.Y. Mar.7, 2007) (adopting

report and recommendation) (alteration in original) (citations omitted); *accord White v. Greene*,

No. 05-CV-0545(VEB), 2010 WL 2104290, *1 n.1 (W.D.N.Y. May 24, 2010).

      Although petitioner seems to assume that the claim must be re-litigated in a second

C.P.L. § 440.10 motion, the Court notes that respondent has not directly argued that this claim is

unexhausted. And, it is not entirely clear that Borcyk needs to re-present this claim to the state

courts. It is true that "to reach the merits of [an ineffective representation claim], all of [the]

allegations must have been presented to the state courts, allowing them the 'opportunity to

consider all the circumstances and cumulative effect of the claims as a whole.' " *Sanford v.

Senkowski*, 791 F.Supp. 66, 68 (E.D.N.Y.1992) (quoting *Rodriguez v. Hoke*, 928 F.2d 534, 538

(2d Cir.1991) (citing *Grady v. LeFevre*, 846 F.2d 862, 865 (2d Cir.1988)). However, additional

factual allegations that do not "fundamentally alter the legal claim already considered by the state

courts," *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986), are not required to be presented to the

state court prior to their being reviewed on federal habeas. *Cf. Jackson v. Kuhlman*, No.

CV-94-5934 (JG), 1997 WL 1068667, at *10 (E.D.N.Y. May 22, 1997) ("If a petitioner raises

precisely the same legal claims in state and federal proceedings, reliance in the two proceedings

upon different factual grounds that 'fundamentally alter the legal claim already considered by the

state courts" will foreclose the conclusion that the claims are exhausted. *Vasquez v. Hillery*, 474

U.S. [at] 260 . . . .'). Arguably, the proposed new factual grounds do not "fundamentally alter the

legal claim" of ineffective assistance already considered by the C.P.L. § 440.10 court concerning

counsel's alleged failure to investigate a 911 call.

However, assuming that Borcyk were to return to state court and bring a new C.P.L. §
440.10 motion, the Court does not agree with respondent that the stay motion"would be futile
because petitioner will be precluded by adequate and independent state law grounds from
relitigating" the issue of trial counsel's failure to investigate an anonymous 911 phone call.
Respondent's Declaration in Opposition to Stay Application ("Resp't Decl."), ¶3 (Docket #6).
Respondent asserts that petitioner, "[h]aving failed to come forward the first time with sufficient
proof, [he] will be barred by CPL 440.10(3)(c) and 440.30(1)[1] from succeeding on a second
motion when there is no good cause for petitioner's failure to not include the purported new
materials with his original motion." Resp't Decl., ¶3 (Docket #6).

C.P.L. § 440.10(3)(c) provides that "[n]otwithstanding the provisions of subdivision one,
the court may deny a motion to vacate a judgment when: . . . (c) [u]pon a previous motion made
pursuant to this section, the defendant was in a position adequately to raise the ground or issue
underlying the present motion but did not do so." N.Y. CRIM. PROC. LAW § 440.10(3)(c).  While
CPL § 440.10(3)(c) provides that a state court "may deny" a motion to vacate where "[u]pon a
previous motion . . . the defendant was in a position adequately to raise the ground or issue
underlying the present motion but did not do so," such denials are discretionary and do not

---

[1]        C.P.L. § 440.30(1) lists the grounds upon which a trial court may order vacatur of a judgment; it is
does not contain any of the discretionary or mandatory procedural rules regarding the denial of C.P.L. § 440.10
motions. Based upon respondent's reference to "good cause", the Court surmises that respondent means to cite to §
440.10(1)(g), which allows vacatur when "[n]ew evidence has been discovered since the entry of a judgment based
upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due
diligence on his part and which is of such character as to create a probability that had such evidence been received at
the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such
ground must be made with due diligence after the discovery of such alleged new evidence . . . ." N.Y. CRIM. PROC.
LAW § 440.10(1)(g). However, as the Court has noted, this section does not constitute an adequate and independent
state ground that could serve to preclude habeas relief–rather, it outlines the requirements for stating a claim of
newly discovered evidences on a collateral motion to vacate. If a trial court were to deny petitioner's motion based
upon a failure to show "due diligence", or, as respondent puts it, "good cause", that would be a denial on the merits.

impose an absolute bar on successive motions." *Bonilla v. Portuondo*, 2004 WL 350694, at *15 (citing *Gibbs v. State of New York*, No. 01 Civ. 5046, 2002 WL 31812682, at *2-3 (S.D.N.Y. Dec. 12, 2002) (failure to exhaust ineffective assistance claim does not create procedural bar in light of CPL § 440.10(3)(c)); *Marchese v. Senkowski*, No. 97 Civ.2055, 1999 WL 731011, at *6 n. 4 (E.D.N.Y. Sept. 15, 1999) (same)); *accord Affser v. Murray*, No. 04 CV 2715, 2008 WL 2909367, at *4 (E.D.N.Y. July 28, 2008) ("But those claims [of ineffective assistance of trial counsel] are not necessarily defaulted. Petitioner could raise them in yet another motion to vacate, and under § 440.10(3)(c) the state court could, in its discretion, review the claims on their merits despite petitioner's failure to assert them in his previous motion to vacate."); *see also Reyes v. Phillips*, 02 Civ. 7319, 2005 U.S. Dist. LEXIS 19488, *14-18, 2005 WL 2173812 (S.D.N.Y. Sept. 6, 2005) (holding that because section 440.10(3)(b) was discretionary, the court was not prepared to hold that petitioner could not return to file a second section 440.10 motion); *but see Caicedo v. Garvin*, No. 95 CV 3896(SJ), 1999 WL 221648, at *2 (E.D.N.Y. Apr. 9, 1999) ("In this case, Petitioner's unexhausted Sixth Amendment claim [of ineffective assistance of trial counsel] should be deemed exhausted because his failure to raise it in his § 440.10 motion bars further review in state court.") (citing N.Y. Crim. Proc. Law § 440.10(3)(c)). Thus, I disagree with the respondent's argument that C.P.L. § 440.10(3)(c) requires a finding of "deemed exhausted–procedurally defaulted".

It should be noted that the Second Circuit held in 2007 that the statutory grants of discretion in C.P.L. § 440.10(3)(b) and § 440.10(3)(c) do not *prevent* either section from operating as a procedural bar. *Murden v. Artuz*, 497 F.3d 178, 193 (2d Cir.2007), *cert. denied sub nom. Murden v. Ercole*, 2008 U.S. LEXIS 1023, 2008 WL 114166 (Jan. 14, 2008). In contrast to

the situation where respondent's argument is that a claim should be "deemed exhausted and procedurally defaulted" under C.P.L. § 440.10(3)(c), the *Murden* court "was faced with a 'decision' from the state court, basing its denial of a subsequent motion on a discretionary procedural default." *Perez v. Perrott*, No. 9:04-CV-327, 2008 WL 2323360, at *7 (N.D.N.Y. June 2, 2008) (citing *Murden*, 497 F.3d at 193)). Thus, "[t]he issue in *Murden* was the adequacy of the procedural default, and whether state rule was 'firmly established and regularly followed.'" *Id.* (quoting *Murden*, 497 F.3d at 192).

Here, this Court doubts that the court would consider a second C.P.L. § 440.10 by Borcyk. The state court likely would find no reason why Borcyk, at the time of the first motion, could not have obtained some kind of statement from his trial counsel about his actions or inaction concerning the 911 call. However, the Court "cannot say with certainty, under the circumstances presented here, that petitioner could not return to state court, and thus, this claim would not be [deemed exhausted and] procedurally defaulted." *Perez v. Perrott*, 2008 WL 2323360, at *7. Petitioner should be aware, however, that if he files another C.P.L. § 440.10 motion, it may be denied on the basis of C.P.L. § 440.10(3)(c), which the Second Circuit has held may operate as a procedural bar to subsequent habeas review.

Respondent's use of two cases from this District, *Corchado v. Rabideau*, 576 F. Supp.2d 433, 455 (W.D.N.Y. 2008) (Bianchini, M.J.), and *Hernandez v. Conway*, 485 F. Supp.2d 266, 275-76 (W.D.N.Y. 2007) (Bianchini, M.J.), is inapposite. Neither of those cases involved C.P.L. § 440.10(3)(c) specifically, and they do not stand for the proposition that a claim should be "deemed exhausted but procedurally defaulted" under C.P.L. § 440.10(3)(c).

Finally, the Court turns to Borcyk's second claim that he wishes to re-litigate by way of a second C.P.L. § 440.10 motion–that trial counsel rendered ineffective assistance by failing to present any evidence of the police investigation of petitioner's vehicle. *See* Stay Mot. at 1 (Docket #5). I note that respondent does not address this claim at in his opposition papers, treating Borcyk's motion to stay as pertaining only to the ineffectiveness claim regarding the 911 call.

Borcyk indicates that when he raised this second ineffective assistance claim in his C.P.L. § 440.10 motion, the County Court held that the argument was "readily apparent upon the record, and therefore, should [be] raised on . . . appeal." *Id.* (quoting Decision and Order on C.P.L. § 440.10 Motion at p. 3) (Docket #5); *see* N.Y. Crim. Proc. Law § 440.10(2)(c) .[2] However, Borcyk explains, he previously had raised it on direct appeal, and the Appellate Division, Fourth Department, rejected it on the basis that it should be raised in a C.P.L. § 440.10 motion:

> The remaining instance of alleged ineffective assistance of counsel, i.e., that defense counsel was ineffective in failing to present evidence that the police examined the vehicle driven by defendant at the time of the victim's death and found no evidence that the victim had been in that vehicle, involves matters outside the record on appeal and thus is properly raised by way of a motion pursuant to CPL article 440 (*see People v. Barnes*, 56 A.D.3d 1171, 867 N.Y.S.2d

[2]    "Notwithstanding the provisions of subdivision one [of C.P.L. § 440.10], the court must deny a motion to vacate a judgment when:

. . .

(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him . . . ." N.Y. Crim. Proc. Law § 440.10(2)(c).

607; *People v. Jenkins*, 25 A.D.3d 444, 445-446, 807 N.Y.S.2d 90, *lv. denied* 6
N.Y.3d 834, 814 N.Y.S.2d 82, 847 N.E.2d 379).

*People v. Borcyk*, 60 A.D.3d 1489, 1490 (N.Y. App. Div.), *leave denied*, 12 N.Y.3d 923 (N.Y. 2009). Borcyk contends that the Appellate Division's holding "permits petitioner to re-explore the previous 440 litigation as it pertains to the claim of counsel's ineffectiveness." Stay Mot. at 1-2 (Docket #5).

First, the Court believes this claim is exhausted. "The exhaustion doctrine 'requires only that a petitioner present his claim once on direct or collateral review.'" *Igneri v. Vacco*, No. 95-CV-1589 (JG), 1996 WL 1088900, at *3 (E.D.N.Y. Dec. 2, 1996) (quoting *Sanford v. Senkowski*, 791 F. Supp. 66, 69 (E.D.N.Y.1992) and citing *Fielding v. Lefevre*, 548 F.2d 1102, 1106 (2d Cir.1977)). "Therefore, even if a claim is not raised at trial and/or on direct appeal, a claim pursued throughout a full round of state post-conviction proceedings is exhausted." *Igneri*, 1996 WL 1088900, at*3 (citing 2 J. Liebman & R. Hertz, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 23.3b at 671 (1994)). It appears that petitioner fairly presented his claim, twice, so as to satisfy the exhaustion requirement. This is not defeated by the fact that the trial court incorrectly applied C.P.L. § 440.10(2)(c) to deny Borcyk's ineffective assistance claim, which the Appellate Division had found to be an outside-the-record claim properly presented in a collateral motion. In sum, the Court does not believe that a stay is required with regard to Borcyk's second claim of ineffective assistance, regarding counsel's alleged failure to investigate the police search of petitioner's vehicle.

### III.     Conclusion

For the foregoing reasons, the Court denies as moot petitioner's request for a stay as to the second ineffectiveness claim, since that claim is exhausted. As to petitioner's request to stay the petition to pursue further state court remedies on the first ineffectiveness claim, petitioner is directed to review the foregoing Order and decide whether or not he wishes to pursue a stay with regard to that claim, in light of the possible procedural bar issues presented by C.P.L. § 440.10(3)(c). Petitioner must notify the Court of his intentions or seek an extension of time to do so within thirty (30) days of the date of his receipt of this Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      August 2, 2010.